2008-NMCA-040

181 P.3d 696

**Tasheena GRYGORWICZ, Plaintiff–Appellee,**

v.

**Charlie TRUJILLO, Defendant–Appellant.**

**No. 27,419.**

Court of Appeals of New Mexico.

Jan. 24, 2008.

Certiorari Granted, No. 30,939, March 10, 2008.

Anthony James Ayala, Albuquerque, NM, for Appellee.

Ray Twohig, P.C., Ray Twohig, Albuquerque, NM, for Appellant.

## OPINION

WECHSLER, Judge.

{1} We consider in this appeal whether Defendant Charlie Trujillo is entitled to a homestead exemption in the foreclosure sale of his home when he did not appeal from the district court's foreclosure decree until after the district court denied the claim of exemptions on execution form that he subsequently filed pursuant to Rule 1–065.1 NMRA. We hold that Defendant waived his homestead exemption claim by failing to pursue an appeal of the foreclosure decree within the time frame required by Rule 12–201(A)(2) NMRA. We therefore affirm the district court's denial of Defendant's homestead exemption claim.

## BACKGROUND

{2} This case originated on February 22, 2001 when Plaintiff Tasheena Grygorwicz filed a civil complaint against Defendant that alleged sexual abuse in the 1980s and early 1990s when she was a child. On October 1, 2004, after a bench trial, the district court's judgment in favor of Plaintiff was filed, awarding her $1.3 million in damages. This Court affirmed on appeal, and the Supreme

Court denied Defendant's petition for a writ of certiorari on July 31, 2006. *Grygorwicz v. Trujillo*, 2006–NMCA–089, 140 N.M. 129, 140 P.3d 550, *cert. denied,* 2006–NMCERT–007, 140 N.M. 280, 142 P.3d 361.

{3} On August 7, 2006, Plaintiff filed a motion to foreclose on Defendant's home in the district court in order to partially satisfy his judgment debt. In Defendant's August 17, 2006 response, he included a demand for all possible exemptions. Plaintiff filed a transcript of judgment with the county clerk and the district court on August 31, 2006. On November 30, 2006, the district court held a hearing and entered a decree of foreclosure, concluding that Plaintiff was entitled to foreclose and to either keep the property or sell it in order to partially satisfy her judgment against Defendant. In the decree, the district court established the interests of the parties in the property and the manner in which the proceeds from the sale would be distributed. It did not include an allowance for a homestead exemption. It further indicated that it would appoint a special master to conduct a foreclosure sale and issued a writ of assistance ordering the Taos County Sheriff to "put ... Plaintiff in possession" of the property.

{4} On December 4, 2006, the sheriff executed the writ of assistance by locking Defendant and his wife out of the property, and Plaintiff took possession of the property. Plaintiff eventually elected to purchase the property at the foreclosure sale and to keep it in order to partially satisfy Defendant's judgment debt. On the same day that Plaintiff initially took possession of the property, Defendant filed a claim of exemptions on execution form in the district court. Among Defendant's claims were homestead exemptions for himself and his wife, Diana Trujillo. Plaintiff opposed Defendant's claims and filed a motion to dismiss them. The district court, after a hearing, entered an order dismissing Defendant's claim of exemptions on execution on January 9, 2007. On January 19, 2007, Defendant filed his notice of appeal from the January 9, 2007 order.

## PROCEDURE FOR FORECLOSURE BY A JUDGMENT CREDITOR

{5} NMSA 1978, § 39–4–13 (1933) entitles a person holding a judgment lien on real property to bring a foreclosure suit to subject the property to the payment of the judgment. The statute requires such a suit "to be instituted and prosecuted in the same manner" as a suit for the foreclosure of a mortgage. *Id.* In this case, however, Plaintiff raised her foreclosure claim in a motion in the original tort action. Although Defendant notes in his brief in chief that Plaintiff did not institute a separate suit, he does not argue that the distinction between a separate suit and a motion within the existing suit makes any difference. Because Defendant does not argue the procedural propriety of Plaintiff's motion to foreclose, we do not address it in this opinion. *See* Rule 12–213(A)(4) NMRA; *State v. Rendleman*, 2003–NMCA–150, ¶ 50, 134 N.M. 744, 82 P.3d 554 (concluding that an argument that the defendant made to the district court was deemed abandoned when it was not briefed on appeal). Therefore, for the purposes of this appeal, we assume, without deciding, that Plaintiff's failure to institute a separate foreclosure action was not procedurally defective.

## APPLICABLE PROCEDURAL SAFE-GUARDS IN THIS CASE

{6} NMSA 1978, § 39–4–15 (1933) requires a defendant in a foreclosure suit to "set up" any claim of exemption allowed by law in an answer to the suit. This provision has been interpreted to mean that a defendant waives any claim of exemption by not so raising it. *See Speckner v. Riebold*, 86 N.M. 275, 278, 523 P.2d 10, 13 (1974); *USLife Title Ins. Co. of Dallas v. Romero*, 98 N.M. 699, 703–04, 652 P.2d 249, 253–54 (Ct.App.1982). In Defendant's response to Plaintiff's motion to foreclose, he properly raised a valid claim of a homestead exemption. *See* NMSA 1978, § 42–10–9 (1993) (amended 2007) (allowing a $30,000 homestead exemption when a judgment debtor's dwelling house is foreclosed by a judgment creditor).

{7} Despite the fact that Defendant properly "set up" his claim of exemptions, the district court's decree of foreclosure, while addressing the details concerning the distribution of the proceeds of sale upon foreclosure, did not mention any homestead exemption. Defendant did not appeal from that

order. Instead, he filed a claim of exemptions on execution form in the district court in which he and his wife, who was never joined as a party to the lawsuit, claimed various exemptions, including homestead exemptions.

■ {8} On appeal, Defendant argues that he filed the claim of exemptions on execution form in reliance on the procedures of Rule 1–065.1, which he asserts were established in 1996 "to avoid [the] unconstitutional denial of exemption claims." We agree with Defendant regarding the purpose of Rule 1–065.1. *See generally Aacen v. San Juan County Sheriff's Dep't*, 944 F.2d 691, 696–99 (10th Cir.1991) (holding that New Mexico's old post-judgment execution rule did not meet constitutional due process guarantees because of its failure to require the provision of adequate notice concerning exemption rights). However, we do not believe that Rule 1–065.1 is applicable in this case.

{9} Rule 1–065.1 applies to writs of execution. It permits a judgment creditor to obtain a writ of execution from the clerk of the district court in order to seize property to satisfy a judgment. Rule 1–065.1(A). A sheriff then serves the writ and conducts a sale of the property. Rule 1–065.1(I)–(J). The rule provides a procedure for a judgment creditor to notify a judgment debtor of the right to claim exemptions from execution, for a judgment debtor to file a claim of exemptions, and for the district court to hold a hearing to resolve disputed claims. Rule 1–065.1(B)–(H). Our Supreme Court has approved forms to use in this procedure, and Defendant filed a claim of exemptions on execution form in compliance with the civil form approved in Rule 4–803 NMRA.

{10} By its terms, however, Rule 1–065.1 applies to writs of execution obtained from the clerk of the court and executed by the sheriff. Rule 1–065.1(A), (I). Foreclosure, on the other hand, is a distinct procedure available to a judgment creditor to satisfy a judgment lien. *See Heimann v. Adee*, 122 N.M. 340, 344, 924 P.2d 1352, 1356 (1996) (stating that "execution in aid of a judgment and foreclosure on a lien" are different supplementary proceedings). As noted in *Armstrong v. Csurilla*, 112 N.M. 579, 590–91, 817

P.2d 1221, 1232–33 (1991), the two remedies have "different historical roots" and are distinguishable because "foreclosure sales are carried out under the supervision of a court, while execution sales are conducted simply by the sheriff, with no order of confirmation by a court required and no other occasion specified for judicial oversight."

{11} Without the supervision of the district court, the requirements of Rule 1–065.1 are essential to ensure that a judgment debtor is provided with adequate notice of recognized claims of exemption as well as a fair opportunity to assert them. *See Aacen*, 944 F.2d at 696–700. The district court intervenes only in the event of a dispute. Rule 1–065.1(F)–(H). In a court-supervised foreclosure suit, by contrast, a judgment debtor must plead claims of exemption. Section 39–4–15. Notice of such claims and an opportunity to address them are statutorily built into the pleading and hearing procedure. *See* § 39–4–13. As in this case, the notice requirements of Rule 1–065.1 do not apply when a judgment debtor (1) has statutory notice of the requirement to plead claims for exemption and (2) was involved in the court process prior to any court action concerning the judgment debtor's property. The record in this case indicates that Defendant knew of his right to claim exemptions because he claimed them in accordance with Section 39–4–15. *See Aacen*, 944 F.2d at 696 (declining to address the constitutionality of New Mexico's statutory notice of seizure provisions because the plaintiff had received sufficient notice). The procedure set out in Rule 1–065.1 does not apply in this case.

## FAILURE TO TIMELY APPEAL FROM THE DECREE OF FORECLOSURE

■ {12} As discussed above, Plaintiff elected to proceed by way of foreclosure rather than by securing a writ of execution. At the November 30, 2006 hearing, both parties addressed the homestead exemption claim that Defendant raised in response to Plaintiff's motion for foreclosure. Prior to the hearing, Plaintiff submitted proposed orders to both the district court and Defendant. Defendant specifically argued that Plaintiff's proposed decree of foreclosure did not allow for a deduction of Defendant's homestead

exemption from the proceeds of sale. The district court stated that it believed that the proposed decree was appropriate and proceeded to enter it. By entering the decree of foreclosure, the district court delineated the distribution of the proceeds from the sale of the property and decided the issue of Defendant's right to exemptions against Defendant.

{13} By the conclusion of the November 30, 2006 hearing, the district court had made it clear to Defendant that it had decided to deny his claim of exemptions by entering the foreclosure decree submitted by Plaintiff. If Defendant wanted to contest the delineation of the decree and his rights in the property thereunder, he could have appealed from it. *See* Rule 12–201(A)(2) (allowing unsuccessful litigants to file a notice of appeal "within thirty (30) days after the judgment or order appealed from is filed in the district court clerk's office"); *Speckner*, 86 N.M. at 277, 523 P.2d at 12 (stating that a dissatisfied party may appeal the portion of a foreclosure judgment that "declares the rights of the parties in" the property at issue before the sale is finalized). However, Defendant never appealed from the decree.

■ {14} Our Supreme Court has analyzed the nature of finality in mortgage foreclosure proceedings as follows:

> A judgment of foreclosure is always final in part and interlocutory in part; final as to determining the rights of the plaintiff under the mortgage; interlocutory with respect to the sale; final as to the amounts to be paid to the mortgagor; interlocutory with respect to the legality of the proceedings upon the sale, the proper distribution of the proceeds thereof and as to any rights in the distribution of any surplus.

*Speckner*, 86 N.M. at 277, 523 P.2d at 12 (internal quotation marks and citation omitted). When we consider this analysis under the circumstances of a foreclosure sale that does not involve a mortgage, as in this case, the district court's determination in a decree of foreclosure of the creditor's rights in the property and the amounts to be paid to the debtor is final for purposes of appeal. *See id.* The interlocutory matters pertain to the handling of the sale and the fulfillment of the court's orders concerning the distribution of the proceeds. *See id.*

■ {15} Entitlement to a homestead exemption is a debtor's right that relates to the amount the debtor will be paid. *See* § 42–10–9. We consider a foreclosure decree to be final with regard to the issue of entitlement to an exemption when it has been properly raised. When there is no appeal from such a decree setting forth the rights of the parties to a foreclosure action, the decree becomes final if no action is taken to modify it within thirty days. *Speckner*, 86 N.M. at 277, 523 P.2d at 12; *see also* Rule 12–201(A)(2). Indeed, the efficiency of the foreclosure process would suffer if the rule were otherwise, and parties could sit on their rights pending the outcome of the foreclosure sale or vary their position from the one they took prior to the sale. By failing to appeal from the decree of foreclosure, Defendant effectively waived his right to contest it on appeal. *See Speckner*, 86 N.M. at 277, 523 P.2d at 12 (concluding that a district court's initial judgment in a foreclosure suit delineating the parties' respective rights in the property at issue becomes binding unless it is timely appealed from the date of its issuance); *see also Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994) (defining the timely filing of a notice of appeal as a "mandatory precondition" to the exercise of appellate jurisdiction and stating that "[o]nly the most unusual circumstances beyond the control of the parties—such as error on the part of the court—will warrant overlooking procedural defects").

{16} Further, Defendant's subsequent filing of the claim of exemptions on execution form under Rule 1–065.1 does not bear upon the district court's foreclosure decree. Incorrectly, Defendant proceeded as if Plaintiff had obtained a writ of execution. After a hearing on January 9, 2007, the district court granted Plaintiff's motion to dismiss Defendant's claim of exemptions on execution. Although the district court did not specifically state the basis for its ruling on Defendant's claim of a homestead exemption at the hearing, the court did not err in its ruling because foreclosure, not execution, was the operative procedure, and Defendant did not

timely appeal from the district court's foreclosure decree. *See State v. Barber's Super Market, Inc.*, 74 N.M. 58, 58, 390 P.2d 439, 439 (1964) ("A reviewing court's primary function is to correct an erroneous result rather than to approve or disapprove the grounds upon which it is based, so that where the record, as in this case, is silent as to the reason for a ruling, it will be sustained if it is correct upon any proper theory."); *see also Meiboom v. Watson*, 2000–NMSC–004, ¶ 20, 128 N.M. 536, 994 P.2d 1154 ("[E]ven if the district court offered erroneous rationale for its decision, it will be affirmed if right for any reason."). If we were to hold otherwise and permit Defendant to file a later claim for exemption after the district court's decree of foreclosure, we would not only compromise the efficiency of the foreclosure procedure, but we would also afford Defendant the opportunity to manipulate the process in order to seek an advantage. We will not do so.

**THE RECORD SUPPORTING THE DECREE OF FORECLOSURE**

{17} Defendant makes additional arguments based on Plaintiff's pleadings and arguments that bear mentioning. He contends that Plaintiff based her motion for foreclosure on her filed notice of lis pendens, and, as a result, Plaintiff did not have a "foreclosable lien" on the property. Defendant's argument follows that the decree of foreclosure "was based upon the judgment for money damages." *See* § 39–4–13 (allowing a person holding a judgment lien on real estate to institute a foreclosure suit to subject the real estate to the payment of the judgment). At the November 30, 2006 hearing, however, Plaintiff acknowledged that a notice of lis pendens is insufficient to pursue foreclosure and rested her argument upon the transcript of judgment that she had filed with both the county clerk and the district court. *See* NMSA 1978, § 39–1–6 (1983) (providing that a money judgment "shall be a lien on the real estate of the judgment debtor from the date of the filing of the transcript of the judgment in the office of the county clerk of the county in which the real estate is situate").

{18} At the hearing, Defendant agreed with Plaintiff's position but argued that Plaintiff had not followed the proper procedure under Section 39–4–13 to bring the foreclosure before the district court because Plaintiff had not filed a new action that would enable Defendant to raise his claim of exemptions. Defendant did not argue that Plaintiff did not timely file a transcript of judgment with the county clerk. As such, Defendant did not preserve the argument that Plaintiff did not have a proper lien to allow for foreclosure. *See, e.g., Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct.App.1987) ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court."). Regardless, the district court found that Plaintiff filed the transcript of judgment and had a judgment lien. Even though Plaintiff had not filed the transcript of judgment with the county clerk at the time she filed her motion for foreclosure, her subsequent filing created the record for the district court's finding. Therefore, the district court had a proper basis to issue the decree of foreclosure.

**CLAIM OF HOMESTEAD EXEMPTION ON BEHALF OF DEFENDANT'S WIFE**

{19} In Defendant's December 4, 2006 claim of exemptions filing, he asserted that his wife, Diana Trujillo, was entitled to a homestead exemption and later claimed that she was also entitled to the value of half of her community property interest in the foreclosed property. It is uncontested that Mrs. Trujillo never asserted any rights concerning the foreclosure by intervening in this case. Moreover, Mrs. Trujillo has not sought to assert any claim in this appeal. Because issues concerning Mrs. Trujillo's rights are not before us, we do not consider them.

**CONCLUSION**

{20} We affirm the district court's order.

{21} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE and CELIA FOY CASTILLO, Judges.