This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CITI MORTGAGE,**

    Plaintiff-Appellee,

**v.**                                                                 **NO. 30,686**

**RICARDO S. GIRON,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Donald C. Schutte, District Judge**

Holland & Hart, LLP
Larry J. Montano
Santa Fe, NM

for Appellee

Ricardo S. Giron
Las Vegas, NM

Pro Se Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Defendant appeals the district court's order enforcing sale of his property. We issued a notice of proposed summary disposition proposing summary affirmance.

Defendant has responded with a memorandum in opposition, which we have duly considered. We remain unpersuaded, and affirm the district court.

The relevant facts are as follows. Plaintiff sought and was granted judgment on the pleadings in its foreclosure action against Defendant. The district court entered judgment of foreclosure against Defendant on September 9, 2008. [RP 809-810] Defendant appealed to this Court, and we affirmed the judgment of foreclosure in *Citimortgage v. Giron*, No. 29,008 (N.M. Court App. February 18, 2010). [RP 1078] On June 16, 2010, after the case was remanded, Defendant filed a motion to reconsider, in which he asked the district court to reverse its judgment of foreclosure. [RP 1129] The district court declined to reconsider the foreclosure judgment on the basis that the issue was determined in a prior appeal. [RP 1199]

We affirm the district court. The validity of the foreclosure judgment was determined in the prior appeal, and Defendant was precluded from relitigating the foreclosure judgment on remand under the law of the case doctrine. *See Scanlon v. Las Cruces Pub. Sch.*, 2007-NMCA-150, ¶ 7, 143 N.M. 48, 172 P.3d 185 (alterations omitted) (internal quotation marks and citation omitted) ("Under the law of the case doctrine, if an appellate court has considered and passed upon a question of law and remanded the case for further proceedings, the legal question so resolved will not be determined in a different manner on a subsequent appeal."); *see also State v. Gage*, 2002-NMCA-018, ¶ 21, 131 N.M. 581, 40 P.3d 1025 (filed 2001) (noting the "hard-and-fast rule that the law of the case established on appeal binds the district

court on remand under the appellate court mandate"). Accordingly, the district court did not err in refusing to reconsider the foreclosure judgment.

In his memorandum in opposition, Defendant argues that the law of the case doctrine is inapplicable in this case. Defendant argues that the foreclosure judgment is the subject of the present appeal and that the only issue before this Court in the prior appeal was whether the district court properly entered judgment on the pleadings. [MIO 2-3] We disagree, as the two are inseparable. While it is true that this Court reviewed the district court's entry of judgment on the pleadings in the prior appeal, that judgment is clearly a judgment of foreclosure on the mortgaged property. [RP 810] *See Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 237, 824 P.2d 1033, 1039 (1992) (noting that an initial judgment of foreclosure is final and appealable, notwithstanding the necessity for further proceedings to enforce the judgment and supervise the sale of the mortgaged property). Defendant appealed this final appealable order, to this Court. As Defendant had already unsuccessfully appealed the foreclosure judgment, he was precluded from again arguing the validity of the foreclosure judgment on remand. The matter was already decided, and we reject Defendant's argument that the judgment on the pleadings was not a final order of foreclosure. It was.

Defendant also continues to assert in his memorandum in opposition that the district court erred in denying his claim for a homestead exemption. [MIO 3-4] We disagree for two reasons. First, Defendant was not entitled to a homestead exemption

3

because our statutes do not allow an exemption to apply to the recorded lien of a mortgagee, in this case Citibank. *See* NMSA 1978, Section 42-10-11 (1971) (stating that the provisions of Section 42-10-9 do not apply to "taxes, garnishment, recorded liens of mortgagees or lessors or recorded liens of laborers or materialmen for labor or materials furnished for the construction or repair of the dwelling house.").

Additionally, Defendant failed to assert his entitlement to an exemption in his answer to the foreclosure action. We therefore hold that any claim to a homestead exemption was waived. NMSA 1978, Section 39-4-15 (1933) requires the exemption be filed as a part of Defendant's answer to the foreclosure suit. Our courts accordingly have held that failure to do so constitutes a waiver of the exemption. *Grygorwicz v. Trujillo*, 2008-NMCA-040, ¶ 6, 143 N.M. 704, 181 P.3d 696, *rev'd on other grounds*, 2009-NMSC-009, 145 N.M. 650, 203 P.3d 865; *Speckner v. Riebold*, 86 N.M. 275, 278, 523 P.2d 10, 13 (1974). In his memorandum in opposition, Defendant again asserts that this Court did not affirm the foreclosure judgment in the prior appeal because the district court did not enter the foreclosure judgment until after it entered the order confirming the sale. [MIO 4] However, for the reasons discussed above, we reject this argument.

Defendant also argues that his assertion of a homestead exemption is timely, citing to *Grygorwicz*. [MIO 11-13] We disagree that *Grygorwicz* supports Defendant's position. In *Grygorwicz*, the defendant timely asserted his homestead exemption in his answer to the foreclosure action. *Id.*, 2008-NMCA-040, ¶ 2.

4

*Grygorwicz* did not involve an assertion of a homestead exemption made after the foreclosure judgment was affirmed on appeal. As Defendant did not assert a homestead exemption in his answer to the foreclosure action and waited until after the judgment was affirmed on appeal, any claim to a homestead exemption is waived.

Defendant also continues to argue in his memorandum in opposition that the district court erred in rejecting his arguments regarding the fair market value of the property. [MIO 5-7] Defendant also argues that Plaintiff failed to respond to his motion in which he alleged that the fair market value of the property was $372,929. [MIO 6, 8] We disagree. Defendant submitted evidence to the district court of an appraisal of the property done in 1999 that estimated the fair market value of the property at $275,000. [RP 1156] Defendant also submitted an affidavit in which he alleged that the fair market value of the property was $372,929, based on his unsubstantiated estimation of a 3% increase in value per year over the next eleven years. [RP 1146]

To the extent that Defendant argues that the district court was compelled to accept his valuation outright or because Plaintiff did not dispute it, we disagree. Defendant had the burden to demonstrate that he was entitled to relief. *See Armstrong v. Csurilla*, 112 N.M. 579, 593, 817 P. 2d 1221, 1235 (1991) (stating that the party seeking to vacate a judicial sale has the burden to establish that the sale price was inadequate). The eleven-year-old appraisal of the property that Defendant submitted to the district court did not establish the fair market value of the property in 2010.

5

Additionally, we do not believe that Defendant's affidavit estimating the fair market value of the property at $372, 929, is competent evidence of the value of the property. We therefore hold that the district court did not err in refusing to consider Defendant's arguments regarding the fair market value of the property. *See Brown v. Trujillo*, 2004-NMCA-040, ¶ 34, 135 N.M. 365, 88 P.3d 881 (rejecting the defendant's argument that the price paid at foreclosure was significantly below the market value of the property where the debtor provided no evidence of the market value of the property).

For these reasons and those stated in our initial notice of proposed disposition, we affirm the district court.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**CYNTHIA A. FRY, Judge**

_____
**MICHAEL E. VIGIL, Judge**