IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number: 2009-NMSC-009

Filing Date: February 24, 2009

Docket No. 30,939

TASHEENA GRYGORWICZ,

    Plaintiff-Respondent,

v.

CHARLIE TRUJILLO,

    Defendant-Petitioner.


ORIGINAL PROCEEDING ON CERTIORARI
Sam B. Sanchez, District Judge

Ray Twohig, P.C.
Ray Twohig
Albuquerque, NM

for Petitioner

Anthony J. Ayala, P.A.
Anthony James Ayala
Albuquerque, NM

for Respondent

## OPINION

**MAES, Justice.**

{1}    Defendant, Charlie Trujillo, appealed the denial of his claim for a homestead exemption in a foreclosure action. Plaintiff, Tasheena Grygorwicz, initiated the foreclosure action in partial satisfaction of a civil judgment she received for personal injuries resulting from sexual abuse. *See Grygorwicz v. Trujillo*, 2006-NMCA-089, 140 N.M. 129, 140 P.3d 550, *cert. denied*, 2006-NMCERT-007, 140 N.M. 280, 142 P.3d 361. The Court of Appeals held that Defendant had waived his right to the homestead exemption because he had failed to appeal within thirty days from the district court's decree of foreclosure. *Grygorwicz v. Trujillo*, 2008-NMCA-040, ¶ 20, 143 N.M. 704, 181 P.3d 696. We hold that Defendant's appeal was timely under Rule 12-201(D) NMRA because Defendant's motion for claim of exemptions on execution, filed subsequent to the final foreclosure decree, tolled the time for filing a notice of appeal, and Defendant properly appealed within thirty days from the express denial of that motion. We further hold that there is no basis in the record to support the district court's denial of Defendant's homestead exemption and, therefore,  remand this

1

case to the district court with instruction to grant Defendant's claim for a homestead exemption.

**FACTS**

**{2}**     Following a bench trial, the district court found in Plaintiff's favor on her sexual abuse claim and awarded her $1.3 million in damages. *See Grygorwicz*, 2008-NMCA-040, ¶ 2. On August 7, 2006, Plaintiff filed a motion to foreclose on Defendant's home in partial satisfaction of the judgment debt. *Id.* ¶ 3. In response, Defendant asserted his right to a homestead exemption under NMSA 1978, Section 39-4-15 (1933) and NMSA 1978, Section 42-10-9 (1993, prior to the 2007 amendment).

**{3}**     The district court's foreclosure decree, entered on November 30, 2006, granted Plaintiff the property to either keep or sell in partial satisfaction of the judgment debt. *Grygorwicz*, 2008-NMCA-040, ¶ 3. To protect the property from neglect or wear during the pendency of the foreclosure, the district court also issued a writ of assistance to put Plaintiff in possession of the property immediately. *Id.* ¶¶ 3-4. The decree of foreclosure omitted an allowance for Defendant's homestead exemption. *Id.* ¶ 4.

**{4}**     The Taos County Sheriff executed the writ of assistance by locking Defendant and his wife out of the house and putting Plaintiff in possession of the property. *Id.* On December 4, 2006, Defendant filed a claim of exemptions on execution in the district court pursuant to Rule 1-065.1 NMRA. *Id.* Defendant claimed that both he and his wife were entitled to homestead exemptions. *Id.* Plaintiff argued that Defendant could not claim a homestead exemption under Rule 1-065.1, which applies to writs of execution, when the property had been seized under a writ of assistance. *Id.* The district court agreed and entered an order dismissing Defendant's claim of exemptions on execution with prejudice on January 9, 2007. *Id.* Defendant filed a notice of appeal on January 19, 2007. *Id.*

**{5}**     The Court of Appeals affirmed the district court's order of dismissal. *Id.* ¶ 20. The Court noted that Defendant properly had raised his homestead exemption in response to Plaintiff's motion for foreclosure, as required by Section 39-4-15. *Id.* ¶ 6. The Court further concluded that the district court's November 30 foreclosure decree was a final appealable judgment, however, and that Defendant's failure to appeal from this judgment within thirty days, as prescribed by Rule 12-201(A)(2), constituted a waiver of his right to contest the district court's denial of the homestead exemption. *Id.* ¶ 15.

**{6}**     Defendant argued that his subsequent claim for exemptions on execution under Rule 1-065.1 preserved his right to a homestead exemption. The Court of Appeals rejected this argument, noting that Rule 1-065.1 is applicable only to writs of execution, not writs of assistance. *Grygorwicz*, 2008-NMCA-040, ¶ 16. The Court concluded that the district court properly denied Defendant's request for a homestead exemption under Rule 1-065.1 because "foreclosure, not execution, was the operative procedure, and Defendant did not timely appeal from the district court's foreclosure decree."[1] *Id.*

---

[1]The Court of Appeals did not consider whether the district court properly had denied Mrs. Trujillo's request for a homestead exemption, noting that "Mrs. Trujillo has not sought to assert any claim in this appeal" and, therefore, her "rights are not before us." *Grygorwicz*, 2008-NMCA-040, ¶ 19. Neither Defendant nor Mrs. Trujillo petitioned for certiorari to review the Court's resolution of Mrs. Trujillo's rights and, therefore, the issue is not before

**DISCUSSION**

**{7}** The issue before us is whether the Court of Appeals erred by holding that Defendant had "waived his homestead exemption claim by failing to pursue an appeal of the foreclosure decree within the time frame required by Rule 12-201(A)(2) NMRA." *Id.* ¶ 1. The New Mexico Constitution, Article VI, Section 2, mandates that "an aggrieved party shall have an absolute right to one appeal." We have held that this constitutional provision "evinces the strong policy in this state that courts should facilitate, rather than hinder, the right to one appeal." *Govich v. N. Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991). Determining whether Defendant's appeal was timely involves the interpretation of court rules, which we review de novo. *See Albuquerque Redi-Mix, Inc. v. Scottsdale Ins. Co.*, 2007-NMSC-051, ¶ 6, 142 N.M. 527, 168 P.3d 99.

**{8}** We have held that the district court's decree of foreclosure is both final and interlocutory in its operation. The decree serves two functions: first, it determines the rights of the parties in the property; and, second, it fixes the manner and terms of the foreclosure sale. *Speckner v. Riebold*, 86 N.M. 275, 277, 523 P.2d 10, 12 (1974). Whereas, the court's judgment with respect to the manner and terms of sale is interlocutory, the declaration of the parties' rights may be construed as a final judgment unless modified under the provisions of NMSA 1978, Section 39-1-1 (1917). *Speckner*, 86 N.M. at 277, 523 P.2d at 12 (discussing Section 21-9-1 in the 1953 statutory compilation, recompiled as NMSA 1978, Section 39-1-1). Similarly, Rule 12-201(D) provides that if a party makes a post-judgment motion directed at the final judgment pursuant to Section 39-1-1, the time for filing an appeal does not begin to run until the district court enters an express disposition on that motion. *See Albuquerque Redi-Mix, Inc*, 2007-NMSC-051, ¶ 15 (holding that our rules eliminated Section 39-1-1's automatic denial provision). Therefore, when a party makes a motion challenging the district court's determination of the rights of the parties contained in the foreclosure decree, the decree is not final, and the time for filing an appeal does not begin to run, until the district court disposes of the motion.

**{9}** Defendant properly asserted his homestead exemption in his answer to the foreclosure action. Section 39-4-15 ("The defendant, if he desires to claim such real estate or any part thereof as an exemption allowed by law, shall set up his claim of exemption by answer in such foreclosure suit."). We view Defendant's claim of exemptions on execution as Defendant's best attempt to challenge the denial of his homestead exemption in the foreclosure decree. This attempt was imperfect as it was presented as a claim of exemptions on execution, rather than as a post-judgment motion challenging the foreclosure decree. However, Section 39-1-1 retained jurisdiction in the court to hear and dispose of any motions challenging the court's determination on the rights of the parties in the decree, Defendant's continued and prompt assertion of his claim for homestead exemption shows an intention to challenge the foreclosure decree in which the court excluded Defendant's homestead claim. Accordingly, we construe Defendant's claim of exemptions on execution as a motion challenging the foreclosure decree pursuant to Section 39-1-1. Because Defendant filed his notice of appeal within ten days of the district court's denial of his motion, Defendant's appeal was timely. *See* Rule 12-201(D).

**The District Court Erred by Denying Defendant's Claim for Homestead Exemption**

---

this Court.

**{10}** Having determined that Defendant's appeal was timely, we next address the district court's denial of Defendant's claimed exemption, which the Court of Appeals did not reach.

**{11}** The homestead exemption, Section 42-10-9 provides:

> Each person shall have exempt a homestead in a dwelling house and land occupied by him or in a dwelling house occupied by him although the dwelling is on land owned by another, provided that the dwelling is owned, leased or being purchased by the person claiming the exemption. Such a person has a homestead of thirty thousand dollars ($30,000) exempt from attachment, execution or foreclosure by a judgment creditor and from any proceeding of receivers or trustees in insolvency proceedings and from executors or administrators in probate. If the homestead is owned jointly by two persons, each joint owner is entitled to an exemption of thirty thousand dollars ($30,000).

We have held that the legislative purposes of the exemption is to benefit the debtor and to "prevent families from becoming destitute as the result of misfortune through common debts which generally are unforeseen." *Coppler & Mannick, P.C. v. Wakeland*, 2005-NMSC-022, ¶ 9, 138 N.M. 108, 117 P.3d 914 (internal quotation marks and citation omitted). The statute provides a homestead exemption as a matter of right and a court may not frustrate this purpose by denying a properly asserted exemption for a qualifying homestead.

**{12}** In the present case, the district court's denial of Defendant's requested homestead exemption is unsupported by the record. Plaintiff argued to the district court that the homestead exemption should be denied due to the punitive nature of the underlying judgment. However, we have held that a court may not deny the exemption on the basis of tortious or malicious conduct. *Id.* ¶ 12 (holding that courts may only impose an equitable lien against the homestead exemption under limited circumstances where malicious, fraudulent, or intentional tortious conduct involves the homestead itself). Though an allegation of waste may affect a debtor's right to a homestead exemption, *id.* ("[T]he judgment in the waste action . . . is not the type of debt the Legislature intended to shield."), the district court issued a writ of assistance putting Plaintiff in immediate possession of the property in order to prevent the possibility of waste. The court's issuance of the writ prior to any allegation of waste, and Plaintiff's failure to raise any such allegation, precludes any argument on appeal that could challenge Defendant's homestead exemption. Defendant properly asserted his claim in answer to the foreclosure action, and there is no basis in the record on which the district court could have properly denied Defendant's assertion of his homestead exemption. Therefore, we hold that Defendant is entitled to the homestead exemption.

## CONCLUSION

**{13}** Defendant's appeal from the decree of foreclosure was timely. On the merits of the appeal, we hold that the district court erred by denying Defendant's right to a homestead exemption. Therefore, we remand this case to the district court with instruction to grant Defendant's request for a homestead exemption.

**{14}** **IT IS SO ORDERED.**

4

 

                                           **PETRA JIMENEZ MAES, Justice**

**WE CONCUR:**

**EDWARD L. CHÁVEZ, Chief Justice**

**PATRICIO M. SERNA, Justice**

**RICHARD C. BOSSON, Justice**

**CHARLES W. DANIELS, Justice**

**Topic Index for *Grygorwicz v. Trujillo*, No. 30,939**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-AO | Appealable Order |
| AE-AP | Appellate Rules and Procedure |
| AE-TA | Timeliness of Appeal |
| | |
| **CP** | **CIVIL PROCEDURE** |
| CP-FO | Final Order |
| | |
| **JM** | **JUDGMENT** |
| JM-WE | Writ of Execution |
| | |
| **PR** | **PROPERTY** |
| PR-FC | Foreclosure |
| PR-HE | Homestead Exemption |