# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BANI CHATTERJEE,**

    Petitioner-Appellant

v.                                 **NO. 29,473**

**TAYA KING,**

    Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Daniel A. Sanchez, District Judge**

Caren I. Friedman
Santa Fe, NM

N. Lynn Perls
Albuquerque, NM

for Appellant

Richard S. Lees
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**VIGIL, Judge.**

Petitioner appeals from the district court's order of dismissal. We issued a calendar notice proposing to dismiss the appeal for lack of a final order. Petitioner

filed a timely memorandum in opposition, which we have duly considered. Unpersuaded, we dismiss this appeal.

**DISCUSSION**

The relevant facts are as follows. The district court filed its order of dismissal on March 11, 2009. [RP 79-80] On March 24, 2009, Petitioner filed a motion to reconsider the order of dismissal pursuant to Rules 1-052(D) and 1-059(E) NMRA. [Id. 84-90] Petitioner filed a notice of appeal from the order of dismissal on April 8, 2009. [Id. 116-17] The district court did not rule on Petitioner's motion to reconsider before the notice of appeal was filed.

Our calendar notice noted that Petitioner's timely motion to reconsider extended the time to file a notice of appeal until thirty days from the denial of the motion, pursuant to Rule 12-201(D) NMRA. Motions filed under Rules 1-052(D) and 1-059(E) are not deemed denied as a matter of law. *See Albuquerque Redi-Mix, Inc. v. Scottsdale Ins. Co.*, 2007-NMSC-051, ¶ 13, 142 N.M. 527, 168 P.3d 99; Rule 1-054.1 NMRA (providing that the district court shall enter a judgment or order on a post-judgment motion filed pursuant to Rules 1-052 and 1-059 within sixty days after submission). A recent Supreme Court case has held that, when a party files a motion challenging the judgment, the judgment is not final until the district court has ruled on the post-judgment motion. *See Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145

N.M. 650, 203 P.3d 865 (explaining that, if a party makes a post-judgment motion directed at the final judgment pursuant to NMSA 1978, Section 39-1-1 (1978), the time for filing a notice of appeal does not begin to run until the district court expressly disposes of that motion). As we read *Albuquerque Redi-Mix* and *Grygorwicz*, when a motion challenging the district court's determination of the rights of the parties pursuant to Rule 1-052(D) or 1-059(E) motion is pending in the district court, the judgment or order entered by the district court remains non-final. *See Dickens v. Laurel Healthcare, LLC*, 2009-NMCA-___, ___ N.M. ___, ___ P.3d ___ (No. 29,239, June 18, 2009). Here, Petitioner filed a post-judgment motion that challenged the district court order. Resolution of the post-judgment motion could alter, amend, or moot the order that was challenged. Thus, our calendar notice proposed to hold that the order is not final and that Petitioner's appeal is premature. *See id.*

Petitioner argues that the order of dismissal was not rendered non-final by the pending motion to reconsider. [MIO 3] Petitioner further contends that the notice of appeal divested the district court of jurisdiction to rule on the motion for reconsideration and that she voluntarily waived the motion to reconsider by filing the notice of appeal. [Id. 3-6] In the alternative, Petitioner urges this Court to issue a limited remand for the district court to rule on the motion to reconsider. [Id. 8]

We recently addressed similar arguments in *Dickens*, noting that "the holdings of our Supreme Court in *Albuquerque Redi-Mix* and *Grygorwicz* establish that a Rule 1-059(E) motion be expressly disposed of before the time for filing the notice of appeal begins to run." *Dickens*, 2009-NMCA-___, ¶ 6. We further stated, "As we read those cases, when a Rule 1-059(E) motion, or other motion that challenges the district court's determination of the rights of the parties, is pending in the district court, the judgment or order entered by the district court remains non-final." *See Dickens*, 2009-NMCA-___, ¶ 6 (referring to *Grygorwicz*, 2009-NMSC-009, ¶ 8).

Because Petitioner's motion to reconsider remained outstanding when the notice of appeal was filed, the notice of appeal was filed before there was a final order in this case. For these reasons, we dismiss this appeal and remand this case to the district court for further proceedings. Once a final order has been entered, Petitioner may appeal in accordance with our rules of appellate procedure.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

4

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**ROBERT E. ROBLES, Judge**