This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                    **NO. 29,783**

**THOMAS TANNEHILL,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Robert Schwartz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**WECHSLER, Judge.**

The State seeks to appeal from an order granting Defendant's motion to dismiss. We issued a notice of proposed summary disposition, proposing to dismiss the appeal for want of a final order. The State has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded that the appeal is properly before us at this juncture, we dismiss.

"With narrow and well-defined exceptions, appellate court jurisdiction is limited to timely appeals from final judgments or orders that are properly filed of record with the lower court." *State v. Lohberger*, 2008-NMSC-033, ¶ 19, 144 N.M. 297, 187 P.3d 162. As of the time that the docketing statement was filed with this Court, no written, final order had been entered by the district court. Instead, the judge previously assigned to the case had merely issued a letter reflecting his intent to grant Defendant's motion to dismiss. [RP 86-87] As we observed in the notice of proposed summary disposition, such a letter cannot properly be regarded as a final, appealable order. *See Lohberger*, 2008-NMSC-033, ¶ 20 (observing that a formal, final, written order containing decretal language is required, and recognizing that a court-filed letter announcing a decision does not constitute a final order).

In its memorandum in opposition the State indicates that the district court has recently filed a formal, written order dismissing the proceedings "pursuant to Judge

2

Schwartz' ruling." [MIO 1, attachment] This partially addresses the finality problem. Nevertheless, the appeal remains premature.

As we observed in the notice of proposed summary disposition, the State filed a timely motion for reconsideration below in which it argued that dismissal is unwarranted, particularly in light of the New Mexico Supreme Court's decision in *State v. Garza*, 2009-NMSC-038, 146 N.M. 499, 212 P.3d 387. [RP 88-95, 123-57] Neither the recently-filed order of dismissal nor any other document in the record before us reflects that the motion has been considered on its merits or expressly ruled upon, as required. *See* Rule 5-121 NMRA, Committee Commentary for 2009 amendments (explaining that the 2009 amendment is "intended to make clear that the automatic denial provision in [NMSA 1978,] Section 39-1-1 [(1917)] has no application in cases subject to the Rules of Criminal Procedure for the District Courts," and observing that the courts are required to promptly enter judgments or orders expressly disposing of such motions).

We considered construing the recently-filed order of dismissal as an implicit denial of the State's motion for reconsideration. However, we have concluded that such an approach would be improper. As indicated above, the courts are now required to expressly rule on motions for reconsideration. The district court's order does not

3

satisfy this requirement. To the contrary, it merely indicates that the case is dismissed "pursuant to Judge Schwartz' ruling." [MIO attachment] Insofar as Judge Schwartz' letter does not purport to address the State's subsequently filed motion for reconsideration, [RP 86-87] and insofar as the motion was not heard before Judge Schwartz recused, [DS 7] the order of dismissal "pursuant to Judge Schwartz' ruling" cannot be regarded as a ruling on the merits of the motion for reconsideration.

The Supreme Court has recently explained that, "when a party makes a motion [pursuant to Section 39-1-1] challenging the district court's determination of the rights of the parties . . . [the determination] is not final, and the time for filing an appeal does not begin to run, until the district court disposes of the motion." *Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865. Insofar as the district court has yet to rule on the State's motion for reconsideration, we conclude that the underlying order is not final, and the time for filing an appeal has not begun to run. *See id.*

Accordingly, for the reasons stated, this appeal is dismissed.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

4

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**CELIA FOY CASTILLO, Judge**