This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DONNA KAREN IMBODEN,**

Petitioner-Appellee/Cross-Appellant,

v.                                                    **NO. 29,677**

**LESLIE EARL IMBODEN,**

Respondent-Appellant/Cross-Appellee.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**H.R. Quintero, District Judge**

Lopez & Associates, P.C.
William Perkins
Silver City, NM

for Appellee/Cross-Appellant

Jim Foy & Associates
Jim Foy
Norman R. Wheeler
Silver City, NM

for Appellant/Cross-Appellee

### MEMORANDUM OPINION

**WECHSLER, Judge.**

Respondent Leslie Earl Imboden (Husband) appeals, and Petitioner Donna Karen Imboden (Wife) cross-appeals, from the district court's division of the parties' marital property. Our notice proposed to reverse and remand for the district court to consider the merits of Husband's motion to reconsider. Wife filed a timely memorandum in opposition. We are not persuaded by Wife's arguments and, therefore, reverse and remand.

On March 16, 2009, the district court entered its judgment and order regarding disposition of marital property. **[RP 137]** On April 15, 2009, Husband filed a "motion to reconsider and stay." **[RP 154]** On June 10, 2009, the district court entered an order denying the motion to reconsider (order). **[RP 193]** The order sets forth the district court's determination that Husband's motion to reconsider was filed pursuant to NMSA 1978, Section 39-1-1 (1917) and was deemed denied by operation of law on May 16, 2009. **[RP 193]** However, the 2006 amendment to Rule 1-054.1 NMRA superseded the portion of Section 39-1-1 that states that post-judgment motions filed under that statute are automatically denied if not granted within thirty days of filing. *See Albuquerque Redi-Mix, Inc. v. Scottsdale Ins. Co.*, 2007-NMSC-051, ¶ 15, 142 N.M. 527, 168 P.3d 99; *see also Dickens v. Laurel Healthcare, LLC*, 2009-NMCA-

122, ¶ 6, ___ N.M. ___, ___ P.3d ___ (No. 29,239, June 18, 2009) (viewing *Redi-Mix* as holding that when a post-judgment motion that challenges the district court's determination of the parties' rights is pending in the district court, the judgment or order entered by the court remains non-final). Because the "deemed denied" provision of Section 39-1-1 is not applicable, we decline to consider the merits of the parties' issues and instead reverse and remand with instructions for the district court to consider the merits of Husband's motion to reconsider.

In opposition to remand, Wife essentially asserts that this Court is over-reading *Albuquerque Redi-Mix, Inc.* In this respect, Wife argues that the *Redi-Mix* holding is intended to address only the lifting of the automatic denial provision when post-judgment motions are made pursuant to the Rules of Civil Procedure, such as the motion to reconsider filed under Rule 1-059(E) NMRA as in *Redi-Mix*. [MIO 6] According to Wife's position, the ability to supersede the "deemed denied" provision is limited to instances of motions made under the rules and when Section 39-1-1 is not invoked. **[MIO 6-7]** Case law, however, does not support this view. *See Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865 (explaining that, "if a party makes a post-judgment motion directed at the final judgment pursuant to Section 39-1-1, the time for filing an appeal does not begin to run until the district

3

court enters an express disposition on that motion"). Apart from case law, the rules themselves provide that Section 39-1-1 post-judgment motions are no longer subject to a "deemed denied" provision. *See* Rule 12-201(D) NMRA (stating that "[i]f a party timely files a motion pursuant to Section 39-1-1 . . . , the full time prescribed in this rule for the filing of the notice of appeal shall commence to run and be computed from the entry of an order expressly disposing of the motion"); Rule 1-054.1 (2006 amendment as approved by Supreme Court Order 06-8300-17, effective August 21, 2006, superseding the portion of Section 39-1-1 that stated that post-judgment motions were automatically denied if not granted within thirty days of filing).

Based on the foregoing discussion, we reverse and remand with instructions that the district court consider the merits of Husband's motion to reconsider.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

4

_____

**MICHAEL E. VIGIL, Judge**