This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**COLIN TIMM,**

**Petitioner-Appellee,**

**vs.**                                                          **No. 30,186**

**ANGELA GAZZARA,**

**Respondent-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Angela J. Jewell, District Judge**

Lisa A. Torraco
Albuquerque, NM

for Appellee

Angela Gazzara
Albuquerque, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Respondent is appealing from a November 30, 2009, district court order of protection. [RP 39-41, 46] On December 18, 2009, Respondent filed in district court a motion to reconsider the order. [RP 42] Because Respondent's motion for

reconsideration was filed outside the time limit to file under Rule 1-059(E) NMRA, our calendar notice construed it as a motion filed pursuant to NMSA 1978, Section 39-1-1 (1917) and Rule 1-054.1 NMRA. Our calendar notice observed that there is no indication in the record proper that the district court ruled on Respondent's motion to reconsider. Respondent has filed a memorandum in response, relying on an attached form that she claims is a denial of her motion for reconsideration. It is unclear from the face of this form what it was intended to address. Regardless, the form is not file-stamped and has not been made part of the record. *See State v. Reynolds*, 111 N.M. 263, 267, 804 P.2d 1082, 1086 (Ct. App. 1990) ("Matters outside the record present no issue for review."). Case Lookup, which provides internet access to the district court records, also indicates that the district court has not ruled on the motion for reconsideration.

Despite the language in Section 39-1-1, the district court was required to rule on the post-judgment motion, and it was not deemed denied by the passage of time. *See Albuquerque Redi-Mix, Inc. v. Scottsdale Ins. Co.*, 2007-NMSC-051, ¶ 15, 142 N.M. 527, 168 P.3d 99 (holding that changes to the Rules of Civil Procedure superseded Section 39-1-1 and eliminated the automatic denial of post-judgment motions). Thus, we conclude that Respondent's appeal is premature without an order denying her motion. *See* Rule 12-201(D) NMRA (providing that if a party timely files

a motion pursuant to Section 39-1-1, the time for filing a notice of appeal begins to run from entry of an order disposing of the motion); *see also Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865 (recognizing in the context of a foreclosure judgment that when a party makes a motion challenging the judgment, the judgment is not final until the district court rules on that motion).

For these reasons, we Respondent's appeal as premature.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**RODERICK T. KENNEDY, Judge**

3