This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**INARA CEDRINS,**

    Plaintiff-Appellant,

v.                                     **NO. 30,178**

**JAMES and SHARON PREWITT, and**
**RAMESH KUMAR SHRESTHA,**

    Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Judge**

Inara Cedrins
Chicago, IL

Pro Se Appellant

James and Sharon Prewitt
Albuquerque, NM

Pro Se Appellees

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

    Plaintiff Inara Cedrins, pro se, appeals the district court's order dismissing her complaint against Defendants James Prewitt and Ramesh Kumar Shrestha.  This

Court filed a calendar notice on March 22, 2010, proposing to dismiss Plaintiff's appeal as premature. After not receiving a response to our calendar notice, this Court dismissed the appeal on May 6, 2010. On May 14, 2010, Plaintiff filed a memorandum opposing summary dismissal in which she indicated that she did not receive the calendar notice. We filed an order on June 7, 2010, in which we construed the memorandum as a motion for rehearing. We attached a copy of the calendar notice proposing summary dismissal and allowed Plaintiff twenty days to file a memorandum in response. Plaintiff filed a memorandum in response on June 14, 2010. After due consideration, we are not persuaded that our proposed disposition was incorrect. We therefore dismiss this appeal.

**DISCUSSION**

In our calendar notice, we noted that the district court filed its order of dismissal on January 13, 2010. [RP 116-19] On January 29, 2010, Plaintiff filed a notice of appeal and an objection to the memorandum opinion and order. [RP 120, 124-27] As Plaintiff's objection challenged the judgment, we proposed to construe it as a timely motion for reconsideration. *See* Rule 1-059(E) NMRA (providing that "[a] motion to alter or amend the judgment shall be served not later than ten (10) days after entry of judgment"). Taking into consideration the holiday and three-day mailing rule, *see* Rule 1-006 NMRA, we noted that it appeared that Plaintiff had filed a timely motion

2

for reconsideration but that there was no indication in the record that the district court had ruled on it.

As our calendar notice observed, Plaintiff's timely motion extended the time to file a notice of appeal until thirty days from the denial of the motion, pursuant to Rule 12-201(D) NMRA. Motions filed under Rule 1-059(E) are not deemed denied as a matter of law. *See Albuquerque Redi-Mix, Inc. v. Scottsdale Ins. Co.*, 2007-NMSC-051, ¶ 13, 142 N.M. 527, 168 P.3d 99 (construing a motion to reconsider as a Rule 1-059(E) motion that was not subject to automatic denial); *see also* Rule 1-054.1 NMRA (stating that the district court shall enter a judgment or order on a post-judgment motion filed pursuant to Rule 1-059 within sixty days after submission). The New Mexico Supreme Court has held that when a party files a motion challenging the judgment, the judgment is not final until the district court has ruled on the post-judgment motion. *See Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865. Here, Plaintiff filed a post-judgment motion that challenged the district court's order of dismissal. Because resolution of the post-judgment motion could alter, amend, or moot the order that was challenged, our calendar notice proposed to hold that the order of dismissal was not final and that Plaintiff's appeal was premature.

Plaintiff's memorandum in opposition to the calendar notice does not inform this Court how its proposed disposition was wrong. Plaintiff makes no argument that

3

she is appealing from a final order. We therefore remain persuaded that our proposed disposition was correct. Because Plaintiff filed her notice of appeal before the district court could rule on her motion for reconsideration, the notice of appeal was filed before there was a final order in this case. For these reasons, we dismiss this appeal to allow the district court to rule on Plaintiff's objection. We further note that if the district court decides to deny the motion for reconsideration, it would be helpful to this Court on appeal if the court explains its reasoning for rejecting Plaintiff's objections. Once a final order has been entered, Petitioner may appeal in accordance with our rules of appellate procedure.

**CONCLUSION**

We therefore summarily dismiss this appeal.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Judge**

4

_____

**ROBERT E. ROBLES, Judge**