This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MARY NOSSAMAN,**

  Plaintiff-Appellee,

v.                                                    **NO. 30,787**

**KIM GILKEY,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, District Judge**

Cosme D. Ripol
Farmington, NM

for Appellee

H. Steven Murphy
Farmington, NM

for Appellant

### MEMORANDUM OPINION

**KENNEDY, Judge.**

Defendant Kim Gilkey seeks to appeal from an order granting judgment to

Plaintiff. We issued a notice of proposed summary disposition, proposing to dismiss

the appeal for want of a final order. Defendant has filed a memorandum in opposition, and Plaintiff has also filed a responsive document. After due consideration, we remain unpersuaded that this matter is properly before us. We therefore dismiss.

As we explained in the notice of proposed summary disposition, the right to appeal is generally restricted to final judgments and decisions. *See* NMSA 1978, § 39-3-2 (1966); *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 234-40, 824 P.2d 1033, 1036-42 (1992). Whether an order is a final, such that appeal is statutorily authorized, is a jurisdictional question that this Court is required to raise on its own motion. *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844.

Below, Plaintiff filed a motion for reconsideration thirteen days after the judgment was entered. [RP 62, 64-65] The record contains nothing to indicate that the motion has been considered on its merits or expressly ruled upon, as required. *See* Rule 5-121 NMRA, Comm. Comment. to 2009 amendment (explaining that the 2009 amendment is "intended to make clear that the automatic denial provision in [NMSA 1978,] Section 39-1-1 [(1917)], has no application in cases subject to the Rules of Criminal Procedure for the District Courts," and observing that the courts are required to promptly enter judgments or orders expressly disposing of such motions).

The Supreme Court has recently explained that, "when a party makes a motion [pursuant to Section 39-1-1] challenging the district court's determination of the rights of the parties [the determination] is not final, and the time for filing an appeal does not begin to run, until the district court disposes of the motion." *Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865. Insofar as the district court has yet to rule on Plaintiff's motion for reconsideration, we conclude that the underlying order is not final, and the time for filing an appeal has not begun to run. *Id.*

In his memorandum in opposition, Defendant contends that Plaintiff's motion for reconsideration was untimely pursuant to Rule 1-059(E) NMRA, and as such, the district court's failure to act should have no impact on his right to an immediate appeal. [MIO 1] However, Defendant's argument is in conflict with settled authority.

> Because a motion for reconsideration filed within ten days of the final judgment is deemed to be a Rule 1-059(E) motion, a motion filed outside of the ten-day period should logically be deemed to have been filed under Section 39-1-1, which only requires motions to be filed within thirty days of the final judgment.

*Chapel v. Nevitt*, 2009-NMCA-017, ¶ 18, 145 N.M. 674, 203 P.3d 889. Accordingly, insofar as Plaintiff's motion for reconsideration was filed outside the ten-day period,

it should be deemed to have been filed pursuant to Section 39-1-1. *Id.* And because the motion was filed well within the applicable thirty-day period, it was timely. *Id.*

**CONCLUSION**

Accordingly, for the reasons stated above and in our notice of proposed summary disposition, this appeal is dismissed.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**MICHAEL E. VIGIL, Judge**

4