This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SUNITA MOOLA,**

    Petitioner-Appellant,

v.                                            **NO. 31,359**

**SURJIT MOOLAMALIA,**

    Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Judge**

Atkinson & Kelsey, P.A.
Thomas C. Montoya
Albuquerque, NM

for Appellant

Hubert & Hernandez, LLC
Marci E. Beyer
Las Cruces, NM

for Appellee

Winchester Law Firm, P.C.
Michael L. Winchester

Las Cruces, NM

Guardian ad Litem

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Wife appeals the award of attorney fees to Husband in this case. In our notice, we proposed to affirm the award. Wife has timely responded. We have considered her arguments and not being persuaded, we affirm.

In our notice, we proposed to conclude that there was no violation of rules that would preclude the district court from considering a request for attorney fees. The rules require a request for attorney fees to be made within fifteen days of entry of judgment. Rules 1-054(E)(2) and 1-127 NMRA. Wife argues that the final judgment was filed on July 23, 2010, and the request for attorney fees had to have been made fifteen days after that date. Although the affidavit for attorney fees was filed on July 22, 2011, the itemization was not filed until October 25, 2011. Thus, Wife argues, the request was untimely.

It appears, however, that there was a pending motion for reconsideration and stay filed by Wife. [RP 611] That motion had not yet been ruled on before the hearing on attorney fees. As a result, there was no final judgment to commence the fifteen day period. *Cf. Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650,

203 P.3d 865 (stating that where a motion for reconsideration remains pending in the district court, the judgment or order entered by the district court remains non-final). We conclude that the request for attorney fees was timely filed.

Wife continues to argue that the district court erred in determining that there was economic disparity throughout the entire case. She argues that there were two time periods in this case: before the divorce and after the divorce. She contends that economic disparity before the divorce was dispelled by a judgment at that time equalizing the parties' income. She concedes that there was economic disparity in the time period after the divorce. She argues, however, that some of the itemized attorney fees covered the time period before the divorce and that because the parties' income was equalized, the district court could not rely on economic disparity as a reason for awarding fees relevant to that time period. We disagree.

There are factors other than economic disparity that the district court is to consider in determining whether to award attorney fees. Wife argues that economic disparity of the parties is the most important factor. *Alverson v. Harris*, 1997-NMCA-024, ¶ 26, 123 N.M. 153, 935 P.2d 1165. Regardless, the district court's ruling made findings related to all the factors listed in Rule 1-127, including the economic disparity of the parties, the complexity of the case, the reasonableness of counsel's fees, and Husband's success on the merits. [RP 865] We conclude that the district

3

court did not abuse its discretion in finding that there was economic disparity that would support the award of attorney fees. We decline to separate out the two time periods and require the district court weigh the factors differently where the request for attorney fees was for the entire case.

Finally, Wife continues to argue that because the district court did not provide written analysis of the itemized time entries, it is impossible to determine whether the award was appropriate. The cases cited by Wife in support of her claim that the district court abused its discretion in failing to provide her with an analysis of the itemized time entries do not require the district court to make such detailed findings. Here, the district court reviewed all the itemized time entries and determined that only 256.5 hours of attorney time were related to this matter. [RP 936] Thus, it is clear that the district court reviewed the time and determined whether it related to this matter. Nothing more is required of the district court.

We conclude that the district court did not abuse its discretion in its award of attorney fees in this case.

For the reasons stated herein and in the notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____

4

**JAMES J. WECHSLER, Judge**

WE CONCUR:

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**LINDA M. VANZI, Judge**

5