This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PATRICIA GUNDERSEN and**
**JOHN MONAFO,**

Petitioners-Appellants,

v.                                                          **NO. 32,851**

**CITY OF ROSWELL MUNICIPAL COURT,**

Respondent-Appellee,

and

**LARRY LOY, Municipal Court Judge,**
**BELINDA FRANCO, Municipal Court Clerk,**
**LISA FRESQUEZ, Municipal Court Clerk,**
**JOHANNA CANTU, Municipal Court Clerk,**

Parties In Interest-Appellees.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Patricia Gundersen
John Monafo

Roswell, NM

Pro Se Appellants

Hinkle, Hensley, Shanor & Martin, L.L.P.

Richard E. Olson
Roswell, NM

for Appellees

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Plaintiffs appeal the district court's refusal to issue a writ of mandamus to the Roswell Municipal Court. We issued a notice proposing to affirm the district court. Plaintiffs have responded with a memorandum in opposition, and we have carefully considered the arguments raised in that memorandum. However, we continue to believe our proposed disposition is correct. We therefore affirm for the reasons stated in this opinion and in the notice of proposed disposition.

{2}     As the parties are aware, the legal issue in this case concerns the meaning of the word "issue" in Rule 8-602(A)(3) NMRA, which states that the municipal court judge or clerk "shall issue a subpoena, signed but otherwise in blank, to a party requesting it, who shall fill it in before service." Plaintiffs argue that this language requires the Municipal Court to provide the physical subpoena form itself to litigants who request issuance of a subpoena. Defendants, on the other hand, contend that litigants such as Plaintiffs must provide the blank form, which will then be signed by the clerk or judge and thereby "issued."

**{3}** In the notice of proposed disposition we pointed out that the language of the rule does not clearly answer the question presented in this case, and we discussed alternate sources of meaning for the word "issue," including the *Black's Law Dictionary* definition: "[t]o be put forth officially." *Black's Law Dictionary* 908 (9th ed. 2009). We also pointed out that in most contexts, courts do not provide litigants with the physical materials that are necessary to prosecute their case, such as paper on which to prepare pleadings, computers for filing pleadings electronically, or prepared orders that a party wishes to have signed by a judge. We concluded by proposing to hold that the important aspect of the term "issue" in Rule 8-602(A)(3) is the fact that a municipal court imbues the subpoena form with official authority, and that provision of the physical piece of paper making up the subpoena is not contemplated by the rule. We therefore proposed to affirm the district court's decision.

**{4}** Plaintiffs have raised a number of arguments in response to the proposed summary disposition. Initially, they inquire about the conversion of this case from an application for interlocutory appeal to an appeal from a final order; they ask whether this Court has considered the arguments and authorities presented in the application for interlocutory appeal, as well as the attachments to that application. The answer is that we have reviewed all of the legal discussion and materials contained in the application and attached thereto.

{5} Plaintiffs next ask for an opportunity to file an amended docketing statement, or alternatively to have this case placed on the general calendar, or that we review de novo the meaning of the term "issue." As to the first request, Plaintiffs have not indicated why an amended docketing statement would be necessary or helpful in this case. The application for interlocutory appeal sets out all the necessary facts and clearly raises the quite narrow legal issue that is at stake in this appeal—the proper construction of Rule 8-602(A)(3). We therefore deny Plaintiffs' request. As for the request to place this case on the general calendar, we do not believe this is the type of case that would benefit from full briefing. The legal issue involved—whether litigants in municipal courts can be required to submit blank subpoena forms in order to have a subpoena issued—is not significant to a great number of people. Furthermore, it is not complicated, as it requires a simple judgment call concerning the meaning of the rule in question. We therefore deem it appropriate to decide this case on the summary calendar. Finally, we agree with Plaintiffs' request that we make a de novo determination concerning the meaning of Rule 8-602(A)(3) and the term "issue." Construction of a rule or statute is a legal question that is addressed de novo by an appellate court, and we have applied that principle in this case. *See Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 7, 145 N.M. 650, 203 P.3d 865 (stating that a lower court's interpretation of court rules is reviewed de novo).

4

{6}     Plaintiffs next argue that the meaning of the rule should be determined by its context, the rules of grammar, and the common usage of the words used in the rule. We completely agree with this statement. *See* NMSA 1978, § 12-2A-2 (1997). As we pointed out in the notice of proposed disposition, the word "issue" has a number of common usages. In our notice we focused on a particular usage which has nothing to do with physically transferring a piece of paper, but instead relates to clothing a subpoena with the official authority that is necessary to compel an individual's attendance at a hearing or trial. We consider that aspect of "issuance" to be by far the most significant for carrying out the purposes of a subpoena. Furthermore, we have pointed out the context of the rule, which is part of a system of litigation in which litigants, not the courts, provide their own litigation materials. We therefore believe our construction of Rule 8-602(A)(3) is the correct one.

{7}     Plaintiffs next engage in argument based on a similar rule as well as the language of Rule 8-602(A)(3), contending our proposed construction of the rule is erroneous. They point to Rule 1-045.1 NMRA, which according to Plaintiffs is the only instance in New Mexico's various rules of civil procedure in which a rule explicitly requires parties to submit a form to a court clerk prior to issuance of a subpoena. Rule 1-045.1(B)(1) concerns issuance of a foreign subpoena, and states that a party requesting issuance of such a subpoena "must submit a foreign subpoena to the

clerk of the district court where the discovery is sought to be conducted." According to Plaintiffs, the absence of a submission requirement in Rule 8-602(A)(3) means the Municipal Court cannot require such submission. We do not agree. We note first that Rule 1-045.1's separation of the party's act of submission from the court's act of issuance of the subpoena supports our interpretation of the word "issue" as it is used in the rules of civil procedure in general – that it refers to the clothing of the subpoena with official authority, rather than to both the provision of the physical subpoena form and the imbuement of that form with the power of the court. We also note that although Rule 8-602(A)(3) does not mandate the submission of a subpoena form to the clerk, it also does not prohibit a court from requiring such submission. It is possible that in certain circumstances, it will be easier and more cost-effective for a municipal court to both provide the form and give it official effect by issuing it. We see no reason that would not be allowed under the rule; however, we do disagree with Plaintiffs' argument that the rule requires a municipal court to follow that practice.

{8} Plaintiffs maintain that our proposed construction of Rule 8-602(A)(3) ignores parts of that rule. We point out, however, that other parts of the rule support our construction. Specifically, the second sentence of the rule, discussing subpoenas duces tecum, states that a "judge or clerk may issue a subpoena duces tecum to a party only if the subpoena duces tecum is completed by the party prior to issuance by the judge

6

or clerk." Rule 8-602(A)(3). If "issuing" a subpoena duces tecum required the court to both provide the form and sign it, it would not be possible for the party to complete the subpoena prior to issuance. Instead, this sentence contemplates that a party will obtain a form for a subpoena duces tecum, complete it, and then submit it to the court, which will then issue it. We see no reason why the Supreme Court, in enacting Rule 8-602(A)(3), would have used the word "issue" in two different ways in the same rule. We therefore will not construe the rule to require a municipal court to both provide the physical subpoena form to a litigant and, in addition, to do what is necessary to provide that form with official imprimatur. Again, we note that the rule does not preclude a court from doing so; it simply does not require such action.

**{9}** Plaintiffs' final argument is a global one, emphasizing the authorities they have cited supporting their interpretation of the rule. We agree that persuasive arguments can be made on both sides of this issue. However, given the context of Rule 8-602(A)(3) as well as the textual analysis set out above, we continue to believe that our interpretation of the rule is correct.

**{10}** For the reasons discussed in this Opinion and in our notice of proposed disposition, we affirm the district court's decision.

**{11}** **IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**J. MILES HANISEE, Judge**