This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**NATIONSTAR LLC AS SERVICER**
**FOR FDIC AS RECEIVER FOR**
**AMTRUST BANK,**

Plaintiff-Appellee,

v.                                                                      **NO. 33,923**

**JONATHAN P. KELLEN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Jeff McElroy, District Judge**

Rose L. Brand & Associates, P.C.
Eraina Edwards
Albuquerque, NM

for Appellee

Joshua R. Simms, P.C.
Joshua R. Simms
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}    Defendant Jonathan Kellen appeals from a district court order denying his motion to reconsider. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. [Ct. App. file at red clip] Plaintiff has filed a memorandum in support. [Ct. App. file - top doc] We affirm.

{2}    Plaintiff Nationstar's predecessor-in-interest filed a complaint for foreclosure in January 2009. [RP 1]  Judgment was entered in February 2011. [RP 120] This judgment was final for purposes of filing a notice of appeal. *See Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865 (holding that a foreclosure decree is final for purposes of appealing from the declaration of the parties' rights to the property). Defendant did not appeal. Instead, in March 2014, Defendant filed a motion to reconsider the merits of the 2011 judgment. [RP 371] The district court denied the motion to reconsider, and Defendant appealed to this Court. [RP 437, 440]

{3}    In light of the delay in filing the motion for reconsideration, we construe it as a motion to set aside the judgment under Rule 1-060(B) NMRA. *See Century Bank v. Hymans*, 1995-NMCA-095, ¶ 10, 120 N.M. 684, 905 P.2d 722 (stating that where the motion is of a type authorized by both Rule 1-060 and NMSA 1978, Section 39-1-1 (1917), this Court is permitted to consider a motion as having been brought under Rule 1-060(B) if it would be untimely under Section 39-1-1). We review the denial

of the motion for an abuse of discretion. *See, e.g.*, *James v. Brumlop*, 1980-NMCA-043, ¶ 9, 94 N.M. 291, 609 P.2d 1247 ("An appeal from the denial of a Rule 60(b) motion cannot review the propriety of the judgment sought to be reopened; the trial court can be reversed only if it is found to have abused its discretion in refusing to grant the motion.").

{4} Among other grounds for affirming the district court, our calendar notice relied on that court's conclusion that the motion lacked merit. In his memorandum in opposition, Defendant argues that Nationstar did not have an interest in the property when the judgment was entered in February 2011. [MIO 3] Defendant relies on a statement in *Bank of New York v. Romero*, 2014-NMSC-007, ¶ 17, 320 P.3d 1, to the effect that the bank in that case had the burden of establishing "timely ownership" of the note in order to establish its authority to pursue a foreclosure action. Reading the *Romero* opinion as a whole, however, it is clear that the Supreme Court's mention of ownership was not intended to legally distinguish that concept from status as a holder of a negotiable instrument under the Uniform Commercial Code (UCC). As *Romero* states in subsequent paragraphs, under the UCC, a holder of an instrument is entitled to enforce that instrument. *Id.* ¶¶ 20-21.

{5} In this case, as Defendant concedes [MIO 3], Nationstar's predecessor-in-interest (Amtrust Bank), who was the plaintiff in the 2011 action, assigned its interest to Nationstar in July 2013. [RP 334] As such, Nationstar received whatever interest that Amtrust Bank had in Defendant's property. Because there is no dispute that

3

Amtrust Bank had presented a blank indorsement on the original note, and was the holder of the note, it had standing in that action. *Romero*, 2014-NMSC-007, ¶¶ 20-21. As a result, the district court properly denied Defendant's motion.

{6}    For the reasons set forth above, we affirm.

{7}    **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**LINDA M. VANZI, Judge**