This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CARLOS L. DIAZ, Personal Capacity, and for the ESTATE OF THE LATE AND PERSONABLE EDMUNDO B. DIAZ,**

Plaintiff-Appellant,

v.                                                                 **No. A-1-CA-37001**

**LAW OFFICES OF BARELA, ELIAS BARELA, NANCY E. BARELA, JOSE A. DIAZ, All Liable Under Jointly, Separately, Individual, Personal Capacities,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**Louis E. De Pauli, Jr., District Judge**

Carlos Diaz
Albuquerque, NM

Pro Se Appellant

Elias Barela
Los Lunas, NM

for Appellees

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}	Plaintiff, a self-represented litigant, has sought to appeal from the district court's order dismissing his complaint with prejudice. We issued a notice of proposed summary disposition, proposing to dismiss for lack of a final, appealable order. Plaintiff has responded to our notice with a memorandum in support. We dismiss.

{2}	As explained in our notice, Plaintiff sought to appeal from the district court's order dismissing his complaint with prejudice, which was filed on December 29, 2017. [RP 444-46, 455-57] Plaintiff timely filed a motion to reconsider on January 24, 2018, under NMSA 1978, Section 39-1-1 (1917), and Rule 12-201(D)(1)(c) NMRA. [RP 447-54] This motion challenges the substance of the district court order and requests a hearing on the merits; and therefore constitutes a timely post-judgment motion that suspends the finality of the district court's order and extends the time for filing a notice of appeal until after the district court has entered "an order expressly disposing of the last such remaining motion." Rule 12-201(D)(1); *see also Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶¶ 8-9, 145 N.M. 650, 203 P.3d 865 (construing the defendant's "claim of exemptions on execution as a motion challenging the foreclosure decree[,] pursuant to Section 39-1-1" and holding that where a post-judgment motion challenges the merits of the trial court's determination of the rights or liabilities of the parties in the final order, the order is no longer final). The district court has not yet ruled on Defendants' motion.

{3} We observe that Plaintiff also filed a notice of appeal on January 24, 2018, along with his motion to reconsider the district court's order of dismissal. [RP 447-454; 455-57] Under these circumstances, the notice of appeal is deemed premature and does not divest the district court of its jurisdiction to rule on Plaintiff's motion to reconsider, which it must do in an express manner before Plaintiff may appeal. *See* Rule 12-201(D)(4).

{4} Based on the foregoing, we dismiss for lack of a final, appealable order.

{5} **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**HENRY M. BOHNHOFF, Judge**

_____
**EMIL J. KIEHNE, Judge**

3