This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-37638

**ERIC JONES,**

      Petitioner-Appellee,

v.

**BECKY JONES,**

      Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**Emilo Jacob Chavez, District Judge**

Eric Jones
Raton, NM

Pro Se Appellee

Becky Jones
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Respondent Becky Jones seeks to appeal from the district court's order resolving objections to the hearing officer's recommendations regarding child support, entered August 7, 2018. [3 RP 730] This Court issued a notice of proposed disposition, proposing to summarily dismiss for the lack of a final order. Respondent filed a memorandum in opposition, which we have duly considered. Unpersuaded, we dismiss the appeal as premature.

**{2}** In this Court's calendar notice, we proposed to dismiss based on the lack of a final order. Upon our review, it appeared that following a decision by the district court,

Respondent filed a pleading challenging the basis for Petitioner's objections to the hearing officer's recommendations. Respondent's pleading was filed after the entry of the district court's order and calls into question–albeit indirectly–the basis for the district court's order. We proposed to construe Respondent's pleading as a motion to reconsider, which has the potential to affect the finality of the underlying judgment or order. [CN 3] *See Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865 (stating that when a post-judgment motion is filed that could alter, amend, or moot the judgment, the judgment is no longer final for purposes of appeal, and the time for filing a notice of appeal begins to run from the filing of the order disposing of the post-judgment motion). Because Respondent filed a timely motion to reconsider, and the district court has not expressly ruled on Respondent's motion, the district court has not yet been divested of jurisdiction. *See* Rule 12-201(D)(4) NMRA (stating that the district court retains jurisdiction to dispose of one of the types of motions for reconsideration listed in Rule 12-201(D)(1), (2), upon the filing of such a motion).

{3}     In the memorandum in opposition, Respondent argues that she was informed by the district court that the order she wishes to appeal was a final order and she should begin appellate proceedings. [MIO PDF 1] Respondent also argues that she was not given the time allocated by law for Respondent to object to the Petitioner's objections to the hearing officer's recommendations. [MIO PDF 1] Respondent does not point this Court to any authority to support her argument that she was not allocated appropriate time. See *Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). To the extent that Respondent wished to object to the Petitioner's objections, we note that Respondent was allowed to respond to the hearing officer's recommendation, and she was so informed. [3 RP 725]  By the time Respondent filed her objections, the district court already had entered an order adopting some of the hearing officer's recommendations, but also reducing the amount of child support the hearing officer suggested Petitioner pay. [3 RP 731] Therefore, Respondent's objections were filed after the district court's decision, and we construe them as a motion to reconsider the district court's order. See Rule 1-053(E).2 NMRA (providing that within ten days after being served with the notice of filing of recommendations, any party may file timely objections to the domestic relation hearing officer's recommendations). We note that nothing precludes Respondent from filing a second appeal, after the district court makes a final appealable decision on Respondent's motion for reconsideration.

{4}     Thus, for the reasons stated above and in this Court's notice of proposed disposition, Respondent's appeal is dismissed for lack of a final, appealable order.

{5}     **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**