This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38559**

**THE BANK OF NEW YORK MELLON
f/k/a THE BANK OF NEW YORK as
Trustee for the Benefit of the Certificate
Holders of the CWALT, INC. ALTERNATIVE
LOAN TRUST 2004-25CB, MORTGAGE
PASS THROUGH CERTIFICATES,
SERIES 2004-25CB,**

       Plaintiff-Appellee,

v.

**ROBERTO VIGIL a/k/a BOBBY VIGIL,**

       Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY
Emilio J. Chavez, District Judge**

Tiffany & Bosco, P.A.
Karen H. Bradley
Albuquerque, NM

for Appellee

Robert Vigil
Galion, OH

Pro Se Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appealed following the entry of a judgment. We issued a notice of proposed summary disposition in which we proposed to dismiss. Neither party has filed

a responsive memorandum. However, Defendant has filed a "Request for Clarification," which we will treat as such. After due consideration, we dismiss.

**{2}** We previously set forth the relevant information and authority. Neither of the parties has expressed any disagreement, we will therefore avoid undue reiteration here. We adhere to our initial assessment, and conclude that the instant appeal is premature.

**{3}** In his submission, Defendant seeks clarification of the right to appeal "if and when" the district court enters a final, appealable order. We note simply that the right of appeal is constitutionally guaranteed to any aggrieved party. *See* N.M. Const. art. VI, § 2 (stating that "an aggrieved party shall have an absolute right to one appeal" from a judgment of the district court); *see also Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 7, 145 N.M. 650, 203 P.3d 865 (acknowledging this principle, in the context of a foreclosure action). Defendant also appears to request guidance relative to a question of federal jurisdiction. This we cannot supply. *See In re Timberon Water Co.*, 1992-NMSC-047, ¶ 33, 114 N.M. 154, 836 P.2d 73 (indicating that appellate courts "do not give advisory opinions").

**{4}** Accordingly, for the reasons stated in the notice of proposed summary disposition, we dismiss.

**{5}    IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**