This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**J. DON ARNOLD,**

   **Petitioner-Appellee,**

**v.**                                                                  **No. 32,351**

**LISA KAY ARNOLD**
**n/k/a LISA KAY SHEAR,**

   **Respondent-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Sandra A. Price, District Judge**

J. Don Arnold
Aztec, NM

Pro Se Appellee

Lisa Kay Arnold
Las Cruces, NM

Pro Se Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

Respondent Lisa Kay Arnold (Mother) appeals from the district court's "corrected minute order." [RP 234] The "corrected minute order" was filed May 17, 2012. [RP 234] The notice of appeal was filed July 19, 2012. [RP 242] The calendar notice proposed to hold that the notice of appeal was untimely filed and proposed to dismiss the appeal. [Ct. App. File, CN1] Mother has filed a memorandum in opposition that we have duly considered. [MIO] Unpersuaded, however, we dismiss the appeal.

**DISCUSSION**

"Determining whether [an] appeal was timely involves the interpretation of court rules, which we review de novo." *Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 7, 145 N.M. 650, 203 P.3d 865. In this case, we note the follow procedural facts.

1. On April 10, 2012, after a hearing, the district court filed a minute order regarding the parties' child support dispute. [RP 228]

2. On May 8, 2012, Mother filed a motion for reconsideration. [RP 229]

3. On May 17, 2012, the district court filed a corrected minute order. [RP 234]

4. On June 19, 2012, Mother filed a motion for extension of time, requesting a thirty day extension to file a notice of appeal because she wished to retain

2

an attorney. [RP 240] The district court did not rule on the motion for extension of time.

5. On July 19, 2012, Mother filed a notice appeal from the corrected minute order. [RP 242]

The April 10, 2012, minute order is a final, appealable order, determining that Petitioner J. Don Arnold (Father) was not liable for child support arrearages for the period of time between 2000-2005; Father's obligation to pay child support for his youngest daughter terminated on July 1, 2011; and Father still owed $2,000, without interest, on Mother's previously obtained judgment. [RP 228] Mother's motion for reconsideration filed on May 8, 2012, can be considered as timely filed within thirty days of the underlying April 10, 2012, judgment, pursuant to NMSA 1978, Section 39-1-1 (1915). The district court ruled on Mother's motion for reconsideration, denying it, except for correcting the amount Father owed on Mother's previously obtained judgment from $2,000 to $2,200. [RP 234] More than thirty days later, on June 19, 2012, Mother filed a motion for extension of time to file a notice of appeal. [RP 240]

Under Rule 12-201(D) NMRA, the time for filing a notice of appeal from a post-judgment motion is thirty days from the district court's ruling on the motion. *Grygorwicz*, 2009-NMSC-009, ¶ 8 (holding that "if a party makes a post-judgment

motion directed at the final judgment pursuant to Section 39-1-1, the time for filing an appeal does not begin to run until the district court enters an express disposition on that motion"). Because Mother filed the notice of appeal on July 19, 2012, rather than within thirty days of May 17, 2012, the notice of appeal was untimely filed pursuant to Rule 12-201(D).

Because Mother filed a request for extension of time more than thirty days after the May 17, 2012 order, under Rule 12-201(E)(2), Mother had to show "excusable neglect" or "circumstances beyond [her] control" for the district court to consider extending the time for filing a notice of appeal. In addition, such an extension may be granted "for a period not to exceed thirty . . . days from the expiration of the time otherwise provided by this rule." *Id.* As such, if the district court had found excusable neglect or circumstances beyond Mother's control and granted the extension, Mother would have had to file the notice of appeal by July 16, 2012, not July 19, 2012, as she did.

In the memorandum, Mother states that she suffers from migraine headaches and depression as well as an inability to afford an attorney, all of which contributed to her failure to file a timely notice of appeal. [MIO 1] Mother also states that she was "not aware of the strict deadlines regarding the Rules of Civil Procedure." [Id.]

She also argues that the district court erred in not holding a hearing on her motion for extension of time to file the notice of appeal. [MIO 2] We are not persuaded.

Mother has not provided the kind of unusual circumstances that warrant this Court overlooking the late filing of the notice of appeal in this case. *See Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994) ("Only the most unusual circumstances beyond the control of the parties—such as error on the part of the court—will warrant overlooking procedural defects."). First, it is well-established that pro se litigants must comply with the rules and orders of the court and will not be treated differently than litigants with counsel. *Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84. Second, "[s]imply being confused or uncertain about the appropriate procedure for seeking review is not the sort of unusual circumstance beyond the control of a party that will justify an untimely filing." *Wakeland v. N.M. Dep't of Workforce Solutions*, 2012-NMCA-021, ¶ 25, 274 P.3d 766, *cert. denied*, __ U.S. __, 132 S. Ct. 2744. Finally, the applicable Rules of Appellate Procedure clearly contemplate (a) that the district court is not required to hold a hearing on a motion for extension of time to file a notice of appeal, and (b) that, in fact, the district court loses jurisdiction to hold a hearing and grant an extension sixty days after the filing of an appealable order.

Rule 12-201(E)(4) provides that:

No motion for extension of time to file the notice of appeal may be granted after sixty . . . days from the time the appealable order is entered. If the motion is not granted within the sixty . . . days, the motion is automatically denied. If a post-trial motion is timely filed pursuant to Section 39-1-1 . . . based on grounds other than newly discovered evidence, this sixty . . . day period begins to run from either the entry of an order expressly disposing of the motion or the date of any automatic denial of the motion under that statute or any of those rules, whichever occurs first.

In this case, the sixty-day period that the district court had jurisdiction to rule on the motion for extension of time (assuming it found excusable neglect or circumstances beyond Mother's control), expired July 16, 2012, sixty days after entry of the May 17, 2012, order. Moreover, on July 16, 2012, Mother's motion for extension of time was deemed denied. Thus, Mother's notice of appeal had to be filed on or before July 16, 2012, in order for this Court to have jurisdiction to review the merits of the appeal.

**CONCLUSION**

We dismiss the appeal.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____

**J. MILES HANISEE, Judge**